IN THE COURT OF COMMON PLEAS, STARK COUNTY, OHIO

# LYNN M. TODARO
## STARK COUNTY CLERK OF COURTS

JOEL S MARTIN, ET AL
                PLAINTIFF,
VS.

CASE NUMBER: **2022CV00972**

**CHILDRENS GROUP LLC AKA HEARTHSONG, ET AL**

ASSIGNED JUDGE: **FRANK G. FORCHIONE**

DEFENDANT,

## SUMMONS

June 21, 2022

TO THE FOLLOWING NAMED DEFENDANT:
    CHILDRENS GROUP LLC AKA HEARTHSONG
    7021 WOLFTON-HOOD ROAD
    MADISON, VA 22727

YOU HAVE BEEN NAMED A DEFENDANT IN A COMPLAINT FILED IN STARK COUNTY COURT OF COMMON PLEAS, STARK COUNTY COURT HOUSE, CANTON, OHIO 44702 BY:
    JOEL MARTIN -
    1835 CHAROLAIS ST NW
    UNIONTOWN, OH 44685
                               PLAINTIFF.

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF THE PLAINTIFF'S ATTORNEY IS:
    GREGORY BECK
    400 S. MAIN STREET
    NORTH CANTON, OH 44720

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

LYNN M. TODARO
CLERK OF COURTS
STARK COUNTY, OHIO

*[signature]*

J. LAWRENTZ, DEPUTY CLERK

EXHIBIT A



IN THE COURT OF COMMON PLEAS
STARK COUNTY, OHIO

| | |
|---|---|
| JOEL S. MARTIN<br>1835 Charolais Street N.W.<br>Uniontown, Ohio 44685<br><br>And<br><br>DANIELLE MARTIN<br>1835 Charolais Street N.W.<br>Uniontown, Ohio 44685<br><br>    Plaintiffs,<br>v.<br><br>CHILDREN'S GROUP, LLC<br>AKA HEARTHSONG<br>7021 Wolfton-Hood Road<br>Madison, Virginia 22727<br><br>And<br><br>JOHN DOE CORPORATIONS 1-5<br>Name and Identity Currently Unknown<br><br>    Defendant. | CASE NO. 2022CV00972<br><br>JUDGE: Forchione<br><br>COMPLAINT<br>(Personal Injury)<br><br><br>TRIAL BY JURY DEMANDED<br><br><br>(Instructions for Service Attached) |

Now come the plaintiffs, Joel S. Martin and Danielle Martin, and for their claims against defendants herewith avers:

**FIRST CLAIM FOR RELIEF**

1. At all times material hereto, plaintiffs Joel S. Martin and Danielle Martin, husband and wife, are individuals and residents of Uniontown, Stark County, Ohio.

2. At all times material, Children's Group, LLC is a Virginia limited liability company, and operates under the tradename of Hearthsong, that regularly conducts business in

Stark County, Ohio and was the seller, manufacturer, distributor, and supplier of a 150 foot blue galvanized steel backyard zipline kit.

3. Defendants, John Doe Corporations 1-5 are entities that regularly conduct business in Stark County, Ohio as sellers, distributors, suppliers, manufacturers of all or component parts of the 150 foot galvanized zipline ("zipline") referenced above.

4. All of the named defendants regularly conducted business in Stark County, Ohio, including sales, supply, and distribution of the zipline in issue, including defective component parts.

5. On May 19, 2020, Joel Martin purchased the defectively designed zipline which included a 150-foot galvanized steel cable and a carriage with alleged non-slip handles. The order was made through the Hearthsong website.

6. The defendants further advertised that the mechanism could accommodate children of different sizes and safely accommodate children and adults up to 250 lbs.

7. At the time of the sale, the instructions indicated, along with post sale advertising, on defendants' website and through other media, including You Tube, that the device should be hung between two trees with a slope of 8 – 10%. The defendants also directed that the terminal end of the zipline should be at least six feet high. Plaintiffs installed the zipline with a slope of less than 10% and the terminal stop point was six feet above ground as directed by defendants.

8. Currently, the advertising on the defendant Children's Group website is that the slope of the zipline installation should be no greater 3%. The change in slope reflects the defective design and dangerous aspect of the product manufactured, advertised, and sold to plaintiffs. The plaintiffs never received information about this change in slope directive or any warning that the previously recommended slope was a danger.

9. Since defendant, Children's Group, LLC advertised nationally through its website, it availed itself to markets in Stark County, Ohio including the plaintiffs.

10. The defendants are liable in damages to the plaintiffs due to the careless, negligent, willful, reckless, and/or wanton violation of Ohio's product liability laws as manufacturers, designers, and/or suppliers of defective and dangerous products related to the zipline since the design, formulation, distribution, manufacturing, supply, production, construction, labeling, creation, marketing, assembly, modification, rebuilding, testing, warranting, warnings, instructions, lack of instructions, directly caused the severe and permanent injuries set forth herein to the plaintiff's hip and body on June 19, 2020.

11. Defendants warehoused and shipped the defective zipline and otherwise exercised substantial control over the zipline in connection with its sale, distribution, and introduction into the stream of commerce.

12. Further, defendant, Children's Group, LLC initially obtained payment from the plaintiff in exchange for the zipline and handled the online communications with the plaintiff regarding the plaintiff's purchase of the zipline.

13. The defendants are also liable as the defective and dangerous zipline was also defective due to inadequate warning and/or instruction since the manufacturer, supplier, and distributor knew or should have known of the risks posed to the plaintiff as set forth above and failed to provide warnings and other instruction that a manufacturer, supplier, and other distributor, exercising reasonable care would have provided concerning the probable risks the defective zipline would cause harm to anyone using the product. That is, by instructing that the slope of the zipline could be 8 – 10 degrees, the design and instructions and lack of warning were the cause of the incident where Joel Martin, as a 5' 10", 175 lb. male utilized the zipline as described and when he

reached the terminal point, the force was so great that his grip disengaged as the momentum of the device propelled his body forward and he fell slamming the right side of his body on the ground, severely fracturing his hip.

14. The defendants, since the incident, have changed their design and instructions with respect to the slope of the zipline, specifically because the recommended designed slope as advertised at the time the plaintiffs purchased the zipline was inherently dangerous, defective reckless, and negligent.

15. The zipline was also defective due to inadequate post-marketing warnings and/or instructions since their manufacturers, suppliers, and other distributors knew or should have known of the risk posed to the plaintiff herein that a manufacturer, supplier, and other distributor exercising reasonable care would have provided in light of the likelihood of a defective zipline would cause the type of persons, such as the plaintiff using the zipline.

16. Defendant, Children's Group, LLC and the other defendants were the manufacturers of the zipline or its component parts, including the inadequately designed handles and the terminal stop point, as well as the manufacturer and creator of the design slope as advertised of 8 – 10 degrees. Such negligent and defective design was dangerous as it was carelessly, negligently, recklessly, willfully, and wantonly designed to encourage individuals to use the zipline without any fear of injury, yet the installation of the zipline by Joel Martin was within the 8 – 10 degree slope as recommended by the company and still resulted in serious injury.

17. Defendants, including Children's Group, LLC, had actual notice and knowledge that if the slope of the zipline was too steep, the force exerted on a person utilizing the device would be so great that in all likelihood the person utilizing the zipline would disengage, falling 6 – 8 feet in conjunction with momentum created by the zipline itself.

4

18. It was clearly feasible for the defendants, including Children's Group, LLC to provide more adequate warnings or design, and specifically that the slope should be 3 degrees or less as now recommended for the zipline product. Such a design would have reduced the velocity and impact force for anyone properly using the device such as Joel Martin.

19. Alternatively, the defendants, including Children's Group, LLC are liable to the plaintiffs as negligent suppliers of the defective zipline or its component parts as if they were the manufacturer since it is conceivable that some of the defendant manufacturers in issue may not be subject to judicial process within the State of Ohio.

20. Plaintiff, Joel Martin, has sustained two surgeries on his right hip and may need a third procedure and he currently has ongoing residual pain and problems associated with his hip which will require replacement in the future. He has incurred medical expenses in excess of $100,000.

21. As a direct and proximate result of the conduct of the defendants, as described herein, Joel Martin has sustained pain, suffering, future pain and suffering, medical expenses, loss of income, and will incur future pain and suffering including future medical procedures, all as a direct and proximate result of the unlawful activities as set forth herein.

22. Danielle Martin has sustained injury and the loss of consortium because of the injuries and suffering sustained by her husband.

23. The defendants' conduct as aforementioned was highly likely to and had a great probability to cause substantial harm and severe injury to anyone using the zipline at an increased slope level as recommended and advertised both in their product literature and on the internet.

24. As a direct and proximate result of the defendants' negligence, recklessness, willfulness, and wantonness as aforementioned, and their violation of Ohio products liability laws,

plaintiff, Joel Martin and his wife were caused to incur severe and permanent physical and mental injury, severe physical and mental pain and suffering, including two surgical repairs, expenses for hospital, medical, nursing, medical support, and surgical expenses in excess of $100,000.00, as well as future medical expenses.

WHEREFORE, plaintiffs, Joel S. Martin and Danielle Martin, demand judgment against the defendants, jointly and severally, as well as punitive damages, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with interest, costs, and attorney fees.

/s/ Gregory A. Beck
Gregory A. Beck (0018260)
Mel L. Lute, Jr. (0046752)
**BAKER | DUBLIKAR**
400 South Main Street
North Canton, Ohio 44720
Phone: (330) 499-6000
Fax:    (330) 499-6423
E-mail: beck@bakerfirm.com
            lute@bakerfirm.com
*Counsel for Plaintiff*


## INSTRUCTIONS FOR SERVICE

TO THE CLERK:

Please serve the Defendants with Summons and Complaint by certified mail, return receipt requested, at the addresses listed in the caption of this Complaint, making the same returnable according to law.

/s/ Gregory A. Beck
Gregory A. Beck (0018260)
Mel L. Lute, Jr. (0046752)
**BAKER | DUBLIKAR**